UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **DEANDRE HARRIS,**<br><br>Plaintiff,<br><br>v.<br><br>**JASON KESSLER, RICHARD SPENCER, ET AL.,**<br><br>Defendants. | Case No. 3:19-cv-46 |

**BRYAN J. JONES (VSB 87675)**
106 W. South St., Ste. 201
Charlottesville, VA 22902
(P):  (434) 260-7899
(F):  (434) 381-4397
(E):  bryan@bjoneslegal.com
*Attorney for Michael Hill, Michael Tubbs, and League of the South*

**LARRY BROWN (VSB 33414)**
Attorney at Law
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
(P):  (703) 956-3577
(F):  (703) 997-1402
Attorney for Plaintiff
*Attorneys for Plaintiffs*

**BRIEF IN SUPPORT OF MOTION TO DISMISS OF MICHAEL HILL, MICHAEL TUBBS, AND LEAGUE OF THE SOUTH**

1

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................................. 2
STATEMENT OF ISSUE PRESENTED ............................................................................. 2
STANDARD OF REVIEW ................................................................................................... 3
ARGUMENT .......................................................................................................................... 4
CONCLUSION ...................................................................................................................... 4
CERTIFICATE OF SERVICE ............................................................................................. 5

## INDEX OF AUTHORITIES

### CASE LAW

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................3

*Robinson v. American Honda Motor Co., Inc.,* 551 F.3d 218, 222 (2009)......... ........3

*Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012)…………………......................3

*Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988) ........................3

### COURT RULES

Fed. R. Civ. P. 12(b)(6)   ................................................................................................3

## STATEMENT OF ISSUE PRESENTED

1. Whether Plaintiffs' claims against Defendants Michael Hill, Michael Tubbs, and League of the South should be dismissed pursuant to Fed. R. Civ. 12(b)(6).

    Plaintiffs' Response:   No.

    Defendants' Response:   Yes.

## STANDARD OF REVIEW

A motion invoking Fed. R. Civ. P. 12(b)(6) is made if the plaintiff fails "to state a claim upon which relief can be granted[.]"

Said the Fourth Circuit in *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012), about the standard for reviewing a motion to dismiss made per Fed. R. Civ. P. 12(b)(6):

> The Supreme Court's decision in *Twombly* incorporated "[t]wo working principles." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. First, although a court must accept as true all factual allegations contained in a complaint, such deference is not accorded to legal conclusions stated therein. Id. The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6). Id.
> Second, to survive such a motion, a complaint must state a "plausible claim for relief." Id. The determination whether a complaint adequately states a plausible claim is a "context-specific task," id. at 679, 129 S.Ct. 1937, in which the factual allegations of the complaint must be examined to assess whether they are sufficient "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.
> To satisfy this standard, a plaintiff need not "forecast" evidence sufficient to prove the elements of the claim. Robertson, 679 F.3d at 291. However, the complaint must allege sufficient facts to establish those elements. Id. Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is "probable," the complaint must advance the plaintiff's claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955.

A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Robinson v. American Honda Motor Co., Inc.,* 551 F.3d 218, 222 (2009). Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted)

3

## ARGUMENT

Although Plaintiff alleges that third-parties at the Unite the Right rally conspired to act and actually acted in a violent, intimidating, and threatening manner, Plaintiff has not pled any averments of fact that Hill, Tubbs, or League of the South personally conspired to act or actually acted in a concerted manner with these third party tortfeasors. Plaintiff's complaint does not contain sufficient factual assertions, accepted as true, to state any claim to relief that is plausible on its face against Michael Hill, Michael Tubbs, League of the South.

Plaintiff fails to allege sufficient facts to support a legal finding that Hill, Tubbs, and League of the South are legally liable for the conduct of third-parties who allegedly acted illegally. Indeed, the complaint fails to allege any specific facts relating to Hill, Tubbs, and League of the South.

Plaintiff's Complaint lacks any specific factual allegations that Hill, Tubbs, or League of the South conspired to engage in illegal conduct. Although third-parties are alleged to have conspired to act violently before the rally, such allegations are not imputed to Hill, Tubbs, or League of the South to establish that Hill, Tubbs, or League of the South conspired to act in an illegal manner. Plaintiff cannot survive a Rule 12(b)(6) motion by relying on factually unsupported legal conclusions.

## CONCLUSION

For the reasons set forth herein, Defendants' Motion to Dismiss should be granted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff fails to allege sufficient facts to support any of their claims against Hill, Tubbs, and League of the South.

Respectfully submitted,

/s/ Bryan J. Jones

                          Bryan J. Jones (VSB 87675)
                          106 W. South St., Ste. 201
                          Charlottesville, VA 22902
                          (P):  (434) 260-7899
                          (F):  (434) 381-4397
                          (E):  bryan@bjoneslegal.com
                          *Attorney for Michael Hill, Michael Tubbs,*
                          *and League of the South*

Dated:  February 24, 2020

### CERTIFICATE OF SERVICE

I, Bryan J. Jones, affirm that I am an attorney of record for Michael Hill, Michael Tubbs, and League of the South in the above-captioned civil action, and on February 24, 2020, I served a true and accurate copy of this document upon all attorneys of record who have registered to receive service of process via the Court's Electronic Filing System by submitting said documents to said System.

                          /s/ Bryan J. Jones
                          Bryan J. Jones (VSB 87675)
                          106 W. South St., Ste. 201
                          Charlottesville, VA 22902
                          (P):  (434) 260-7899
                          (F):  (434) 381-4397
                          (E):  bryan@bjoneslegal.com
                          *Attorney for Michael Hill, Michael Tubbs,*
                          *and League of the South*

Dated:  February 24, 2020