## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **DEANDRE HARRIS** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **JASON KESSLER, RICHARD SPENCER** | § | |
| **VANGUARD AMERICA, ANDREW** | § | |
| **ANGLIN MOONBASE HOLDINGS, LLC,** | § | |
| **ROBERT "AZZMADOR" RAY,** | § | |
| **NATHAN DAMIGO, ELLIOT KLINE** | § | Civil Action No. 3:19-cv-00046 |
| **AKA ELI MOSLEY, IDENTITY EVROPA,** | § | |
| **MATTHEW HEIMBACH, MATTHEW** | § | **PLAINTIFF'S MEMORANDUM** |
| **PARROT AKA DAVID MATTHEW** | § | **IN OPPOSITION TO** |
| **PARROTT, TRADITIONALIST WORKERS** | § | **DEFENDANTS'** |
| **PARTY, MICHAEL HILL, MICHAEL** | § | **MOTIONS TO DISMISS AND** |
| **TUBBS, LEAGUE OF THE SOUTH,** | § | **MOTION TO QUASH** |
| **JEFF SCHOEP, NATIONAL SOCIALIST** | § | |
| **MOVEMENT, NATIONALIST FRONT,** | § | |
| **AUGUSTUS SOL INVICTUS,** | § | |
| **FRATERNAL** | § | |
| **ORDER OF THE ALT-KNIGHTS** | § | |
| **MICHAEL "ENOCH" PEINOVICH,** | § | |
| **LOYAL WHITE KNIGHTS OF THE** | § | |
| **KU KLUX KLAN,** | § | |
| **AND EAST COAST KNIGHTS OF THE** | § | |
| **KU KLUX KLAN AKA EAST COAST** | § | |
| **KNIGHTS OF THE TRUE INVISIBLE** | § | |
| **EMPIRE, NATIONAL POLICY INSTITUTE,** | § | |
| **THE PROUD BOYS, COUNCIL OF** | § | |
| **CONSERVATIVE CITIZENS, AMERICAN** | § | |
| **RENAISSANCE, THE RED ELEPHANTS,** | § | |
| **AMERICAN FREEDOM KEEPERS,** | § | |
| **ALTRIGHT.COM,** | § | |
| **DANIEL P. BORDEN,** | § | |
| **ALEX MICHAEL RAMOS,** | § | |
| **JACOB SCOTT GOODWIN,** | § | |
| **TYLER WATKINS DAVIS,** | § | |
| **JOHN DOE 1, JOHN DOE 2** | § | |
| *Defendants*. | § | |

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES:</u>

*Almy v. Grisham*,
639 S.E.2d 182, 186 (Va. 2007) …………………………………………………………..… 13

*Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*,
733 F.2d 1087 (4th Cir. 1984) …………………………………………………………… 16

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ……………………………………………………………………… 8

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ……………………………………………………………………… 8

*Coleman v. Boeing Co.*,
No. 2:16-cv-1451, 2017 WL 2992526 (D.S.C. 2017) ……………………………………… 13

*Franks v. Ross*,
313 F.3d 184 (4th Cir. 2002) ……………………………………………………………… 8

*Frazier v. Cooke*,
No. 4:17-cv-54, 2017 WL 5560864 (E.D. Va. 2017) ……………………………………….. 10

*Great American Federal Savings & Loan Assoc. v. Novotny*,
442 U.S. 366 (1979) ……………………………………………………………………… 10

*Griffin v. Breckenridge*,
403 U.S. 88 (1971) ……………………………………………………………………….. 9

*Hafner v. Brown*,
983 F.2d 570 (4th Cir. 1990) ……………………………………………………………… 10

*Hall v. Burney*,
454 F. App'x 149, 150 (4th Cir. 2011) ……………………………………………………… 9

*Hatfill v. N.Y. Times Co.*,
416 F.3d 320, 337 (4th Cir. 2005) …………………………………………………………...14

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO QUASH

*Hill v. City of New York*,
No. 03-cv-01283, 2005 WL 3591719 (E.D.N.Y. 2005) …………………………………… 10

*Hinkle v. City of Clarksburg, W. Va.*,
81 F.3d 416, 421 (4th Cir. 1996) ………………………………………………………… 10

*Johnson v. City of Shelby*,
135 S. Ct. 346, 346 (2014) ………………………………………………………………... 8

*Johnson v. Mueller*,
415 F.2d 354 (4th Cir. 1969) …………………………………………………………… 8

*Karlsson v. Rabinowitz*,
318 F.2d 666, 668 (4th Cir. 1963) ……………………………………………………… 16

*MacKethan v. Peat. Marwick. Mitchell & Co.*,
439 F. Supp. 1090 (E.D. Va. 1977) …………………………………………………… 8

*Scheuer v. Rhoades*,
416 U.S. 232 (1974) …………………………………………………………………… 8

*Slade v. Hampton Rds. Reg'l Jail*,
407 F.3d 243 (4th Cir. 2005) ………………………………………………………… 9

*Veney v. Wyche*,
293 F.3d 726 (4th Cir. 2002) ………………………………………………………… 9

## STATUTES:

42 U.S.C. § 1985(3) ……………………………………………………………… 9, 12

42 U.S.C. § 1986……………………………………………………………………… 12, 13

Virginia Code § 8.01-2.1………………………………………………………………14, 15

## FEDERAL RULES

Federal Rule of Civil Procedure 12(b)(6)……………………………………………….. 5, 8

Federal Rule of Civil Procedure 8(a)(2)……………………………………………………8, 14

Federal Rule of Civil Procedure 4………………………………………………………………. 16

## PRELIMINARY STATEMENT

This memorandum addresses the six pending motions to dismiss under Rule 12(b)(6) filed by Defendants Matthew Parrott, the Traditionalist Workers Party, Michael Hill, Michael Tubbs, League of the South and Jeff Schoep. This memorandum will also address Defendant Identity Evropa's Motion to Quash Service and Dismiss Plaintiff's Complaint.

## INTRODUCTION[1]

The assault on Plaintiff DeAndre Harris and the conspiracy among the several Defendants to violate the rights of Plaintiff took place amidst the United the Right rallies and demonstrations organized by leading white supremacist and neo-Nazi individuals and organizations, including the named Defendants in Plaintiff's Original Complaint. Defendants conspired amongst each other by planning, coordinating and executing the largest and most violent assembly of white supremacists in recent history. (¶42.)

Participants in the Unite the Right rallies traveled all across the country to participate in the rallies that would take place on August 11 and 12 of 2017. Over 50 different alt-right and white supremacist organizations participating in the rallies according to the vision espoused by Defendants Jason Kessler and Richard Spencer to unite these racist groups and harass racial, ethnic and religious minorities. (¶43.) The Unite the Right rallies were organized by Defendants in response to the Charlottesville City Council's February 2017 decision to relocate a statue of Confederate General Robert E. Lee from Lee Park. (¶44.)

---

[1] Relevant facts are fully set out in Plaintiff's Original Complaint and incorporated within the present motion. Citations to Plaintiff's Original Complaint are denoted by paragraph (¶).

Lee Park underwent a name change to "Emancipation Park" after it was decided that the statue would be removed from the park. (¶44.) Defendants Kessler and Spencer opposed the name change to the park and the removal of the statue. In response to these actions by the Charlottesville City Council, Kessler and other Defendants organized, planned and promoted the Unite the Right rally in the park to protest the City's actions. (¶47.)

Kessler applied for a permit with the City to hold the Unite the Right rally at Emancipation Park on August 12, 2017. (¶48.) The permit was granted for the rally but subsequently revoked five days before the rally due to the City's concerns about safely accommodating the thousands of participants in the rally. (¶49.) Kessler brought suit against the City and the Court issued a preliminary injunction order the City to allow the rally to proceed at Emancipation Park. (¶57.)

On August 11, 2017, white supremacists and neo-Nazis marched through the University of Virginia campus with lit torches and chanting racist slogans. (¶61.) The march was not sanctioned by the City but was a preview of the organized violence that would take place the following day at Emancipation Park.

On August 12, 2017, Plaintiff attended the counter-protest rally at Emancipation Park in opposition to the views being espoused by those participating in the Unite the Right rally. (¶62.) The Unite the Right rally quickly turned into a violent demonstration as participants clashed with counter-protestors near Emancipation Park and surrounding areas. (¶63.) Just before 11:30 AM the City declared the rally an unlawful assembly and Governor McAuliffe declared a state of emergency. (¶64.) Police left Emancipation Park to retrieve riot gear, which allowed for further violent clashes between white supremacists and counter-protestors outside police presence. (¶64.)

As police began clearing Emancipation Park, Plaintiff and other counter-protestors also left the demonstration. Plaintiff witnesses a friend being assaulted by a white supremacist wielding a flagpole and intervened to save his friend. (¶66.) Plaintiff then fled into a crowded parking garage in fear for his safety where he was chased by several white supremacists intending to assault him. (¶67.) Plaintiff was then brutally assaulted by Defendants Jacob Goodwin, Tyler Davis, Alex Ramos, Daniel Borden, John Doe 1 and John Doe 2.

**STANDARD OF REVIEW**

A motion to dismiss can only be granted if there is no set of facts that would entitle Plaintiff to a verdict on the claims in issue. Applicable standards state that the facts alleged in the Plaintiff's complaint are to be accepted as true when considering a motion to dismiss. *Scheuer v. Rhoades,* 416 U.S. 232, 236 (1974); *Franks v. Ross*, 313 F.3d 184,192 (4th Cir. 2002).

All reasonable inferences must be made in Plaintiff's favor where necessary. *Johnson v. Mueller*, 415 F.2d 354 (4th Cir. 1969); *MacKethan v. Peat. Marwick. Mitchell & Co.*, 439 F. Supp. 1090 (E.D. Va. 1977). When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Motions to Dismiss under Federal Rule 12(b)(6) will not dismiss a complaint merely because it contains an imperfect statement of the legal theory supporting the claim asserted. *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014). Federal pleading rules simply call for "a short and plain statement of the claim showing that the pleading is entitled to relief." *Id*. (citing Fed. R. Civ. P. 8(a)(2)).

The Supreme Court has dictated that to overcome a motion to dismiss, Plaintiff must allege facts in the complaint which "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A court must "draw on its judicial experience and common sense" to determine whether a reasonable inference can be made, and thus whether the pleader has stated a plausible claim for relief. *Id.* at 679.

If a motion to dismiss involves a civil rights complaint, a court must be "especially solicitous of the wrongs alleged and must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged.'" *Hall v. Burney*, 454 F. App'x 149, 150 (4th Cir. 2011); *accord Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005); *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).

As shown below, Plaintiff has adequately plead its claims against Defendants and meets the standards outlined above. Defendants have raised no valid legal argument that warrants dismissal, and as a result, the challenges to Plaintiff's pleadings should be denied.

## ARGUMENT

## I.     PLAINTIFF HAS SUFFICIENTLY PLEAD A CLAIM UNDER 42 U.S.C. § 1985(3).

Section 2 of Civil Rights Act of 1871 ("§ 1985"), also known as the Ku Klux Klan Act, prohibits two or more people from conspiring to deprive a person or class equal protection of the

law. 42 U.S.C. 1985(3). The Supreme Court has upheld the application of § 1985(3) to purely private conspiracies with the purpose of interfering with an individual's rights. *See Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971). § 1985(3) of the Civil Rights Act of 1964 provides civil recourse for conspiracies to interfere with constitutionally or federally protected rights that are motivated by discrimination. *Id.*

A § 1985(3) has four elements that a Plaintiff must show: (1) a conspiracy; (2) an act in furtherance of the conspiracy; (3) an intent to deprive any person of the equal protection of, or equal privileges and immunities under, the law; and (4) a resulting injury to a legal right or privilege. *See Great American Federal Savings & Loan Assoc. v. Novotny*, 442 U.S. 366, 373 (1979).

Defendants' arguments rest on the assertion that although third-parties at the Unite the Right rally conspired to act and actually acted in a violent, intimidating, and threatening manner, Plaintiff had not plead any facts that Defendants personally conspired to act or actually acted in a concerted manner with these third-party tortfeasors. However, because conspiracies are by their nature "secretive operations," they frequently "have to be proven by circumstantial, rather than direct, evidence." *Hill v. City of New York*, No. 03-cv-01283, 2005 WL 3591719 at 5 (E.D.N.Y. 2005).

It is not necessary that each participant in the conspiracy be aware of the exact details of the conspiracy, but each participant must share the common objective in the conspiracy. *See Frazier v. Cooke*, No. 4:17-cv-54, 2017 WL 5560864 at 3 (E.D. Va. 2017). This includes alleging facts to support a plausible inference that defendants "positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." *Hinkle v. City of*

*Clarksburg, W. Va.*, 81 F.3d 416, 421 (4th Cir. 1996). It does not require "direct evidence of a meeting of the minds." *Id*.

A plaintiff can survive a dismissal or summary judgment with either direct or circumstantial evidence that reasonably leads to the inference that defendants "positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." *Hinkle*, 81 F.3d at 421 (citing *Hafner v. Brown*, 983 F.2d 570, 576-577(4th Cir. 1990). Given that circumstantial evidence can be used to assert a claim, a plaintiff is not required to plead with absolute certainty each and every detail of the conspiracy he is alleging.

In the present case, Plaintiff has plausibly alleged that Defendants coordinated and executed a common plan to engage in violence and intimidation during the Unite the Right rally. Plaintiff has alleged in its Original Complaint that Defendant Matthew Parrot is the co-founder of the Traditionalist Youth Network (TYN), one of the organizations involved in planning and participating in the Unite the Right rally. (¶19.) As a co-founder of this organization, Defendant Parrot would have had sufficient knowledge and control over TYN's participation and involvement in the Unite the Right rallies.

Plaintiff cannot know the exact details and conversations that took place between Defendants without discovery. However, Plaintiff has alleged that as a co-founder in TYN and a leading white supremacist advocate, Defendant Parrot was sufficiently engaged in the coordination of the Unite the Right rallies to have been involved in the conspiracy.

Plaintiff has plead that Defendant Traditionalist Worker Party (TWP) is a national political party committee and that Defendant Matthew Heimbach was its chairman at the time of the Unite the Right rally. (¶18, ¶20.) TWP was directly involved in planning and coordinating the Unite the Right rally as alleged by a public tweet shared by Defendant Jeff Shoep stating, "It

was an Honor to stand with U all in C'Ville this weekend. NSM, NF, TWP, LOS, VA, ECK, CHS, and the rest, true warriors!" (¶24.) By implicating TWP's participating in the rally through Defendant Schoep's tweet, Plaintiff has set forth sufficient allegations that TWP was involved in the civil conspiracy to violate his rights.

The involvement of Defendants Michael Hill, Michael Tubbs and League of the South (LOS) is further shown in Plaintiff's Original Complaint. Defendant Schoep's tweet identifies LOS by its abbreviation and indicates the organization was involved in the rally. As a leading white supremacist organization, and given that its co-founder, Michael Hill, and chief of staff, Michael Tubbs, were present at the rally, Plaintiff has alleged sufficient facts to show that these Defendants participated in the civil conspiracy to violate his rights.

Defendant Jeff Schoep is implicated in Plaintiff's civil conspiracy claim through Defendant's own acknowledgment that he participated in the events at the rallies. Furthermore, Plaintiff has plead that Schoep is the leader of Defendant NSM, the largest neo-Nazi coalition in the United States. Given the notoriety of the organization and its leader, Plaintiff has sufficiently plead that Schoep would have been involved in the planning and coordination of the rallies and thus the conspiracy to violate Plaintiff's rights.

Rather than draw all reasonable inferences in Plaintiff's favor, Defendants simply deny that they personally conspired to act in a concerted manner with the tortfeasors. Plaintiff had already alleged in its Original Complaint that these Defendants engaged in the conspiracy as leaders of white supremacist and neo-Nazi organizations that was publicly acknowledged by Defendant Jeff Schoep. As a result, Plaintiff has sufficiently stated a claim for relief under § 1985(3).

## II.      PLAINTIFF HAS SUFFICIENTLY PLEAD A CLAIM UNDER 42 U.S.C. § 1986.

Plaintiff plead in his Original Complaint that Defendants, as organizers or participants in the conspiracy, had the power to stop the conspiracy and to stop the assault that would take place on Plaintiff. (¶86.) The failure of Defendants to take any steps to aid in preventing the violent actions that occurred at the rally violated 42 U.S.C. § 1986. Given the large platform and leadership roles occupied by Defendants in the Defendant organizations, they had the ability and duty to act to prevent violence at the rallies.

Section 1986 imposes liability on individuals with "knowledge of a conspiracy under § 1985, who have the power to stop the wrong, but neglect or refuse to stop the wrong." *Coleman v. Boeing Co.*, No. 2:16-cv-1451, 2017 WL 2992526 at 7 (D.S.C. 2017). Each Defendant knew about the common plan to incite racial violence at the Unite the Right rallies because it was designed to do so. Defendants willingly engaged, organized and participated in the rallies by inciting their supporters and similar organizations to march in Charlottesville. By choosing to participate in these rallies, Defendants encouraged rather than discouraged or stopped the violence that would cause Plaintiff damages. As a result, Plaintiff has sufficiently stated a claim for relief under § 1986.

## III.     PLAINTIFF HAS SUFFICIENTLY PLEAD A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

Plaintiff plead in his Original Complaint that Defendants, as organizers and participants in the above conspiracy, encouraged the violent racial sentiments that led to the assault on Plaintiff. (¶97, ¶98, ¶99.) As a result of Defendants' outrageous and extreme conduct during the

assault, Plaintiff was injured and suffered severe emotional distress that no reasonable person could be expected to endure. (¶99.)

A claim for the intentional infliction of emotional distress requires that (1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous or intolerable; (3) a causal connection exists between the wrongdoer's conduct and the resulting emotional distress; and (4) the resulting emotional distress was severe. *Almy v. Grisham*, 639 S.E.2d 182, 186 (Va. 2007).

However, unlike in Virginia state court, federal court only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). the question is not whether Plaintiff's allegations could withstand demurrer in Virginia court, but whether he has satisfied the requirements of Rule 8(a). *Hatfill v. N.Y. Times Co*., 416 F.3d 320, 337 (4th Cir. 2005) (holding that the plaintiff had satisfied the requirements of Rule 8(a) in pleading only "severe emotional distress" even though such limited pleading is insufficient in Virginia courts).

Plaintiff has alleged that Defendants' participation in the Unite the Right rallies encouraged violent racism and led to the assault on Plaintiff which resulted in severe emotional distress. Given the federal pleading requirements, these allegations are enough to survive Defendants' motions to dismiss, and as a result, Plaintiff has sufficiently stated a claim for relief for intentional infliction of emotional distress.

## IV.    PLAINTIFF HAS SUFFICIENTLY PLEAD A CLAIM FOR VIOLATION OF VIRINIA CODE § 8.01-42.1 FOR RACIAL, RELIGIOUS, OR ETHNIC HARASSMENT.

Plaintiff plead in his Original Complaint that Defendants, as organizers and participants in the above conspiracy, Defendants subjected Plaintiff to acts of intimidation, harassment and violence because Plaintiff was Black. (¶102.) Virginia Code 8.01-42.1 creates a civil cause of action for any person who is subjected to the following if motivated by racial, religious, or ethnic animosity: (1) acts of intimidation or harassment; (2) violence directed at his or her person; or (3) vandalism directed against his or her real or personal property. Va. Code Ann. § 8.01-42.1.

As participants and organizers in the Unite the Right rallies alleged by Plaintiff, Defendants were aware of the racial animus at the forefront of the rallies and continued to encourage the bigotry and violence surrounding the rallies. The purpose of the rallies was to broadly showcase white supremacy and designed to intimidate and harass racial, religious and ethnic minorities in the United States. Plaintiff has sufficiently pled that Defendants were directly involved in planning the rally and its hate-filled environment by managing the leading white supremacist organizations that participated. As a result, Plaintiff has sufficiently stated a claim for relief under Va. Code Ann. § 8.01-42.1.

## V. PLAINTIFF HAS SUFFICIENTLY PLEAD A CAUSE OF ACTION FOR CIVIL AIDING AND ABETTING ASSAULT, BATTERY AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

Plaintiff has plead in his Original Complaint that Defendants knew or should have known that the reasonably foreseeable outcome of inciting violence and providing material assistance to rallygoers, including those that attacked Plaintiff, was an attack upon citizens and counter-protestors. (¶109.) Furthermore, Defendants knew or should have known that its incitement of violence and material assistance would cause members of white supremacy, white nationalist and

anti-fascist organizations to commit assault, battery and intentional infliction of emotional distress. (¶110).

Plaintiff has sufficiently plead this claim by further asserting that as national leaders of these white supremacist organizations participating in the Unite the Right rallies, Defendants intentionally facilitated and/or recklessly disregarded the planning, preparation and/or execution of the attack upon Plaintiff. (¶111.) Defendant organizations publicly acknowledged standing in solidarity with the white supremacist marchers and the violent views they were espousing. By encouraging white supremacists to march in the rally and not denouncing the violence that would ensue, Defendants' actions can be seen as having encouraged, promoted and incited the violence on Plaintiff. Plaintiff has detailed and alleged that in his Original Complaint. As a result, he has sufficiently stated a claim for relief.

## VI.   PLAINTIFF'S RESPONSE TO DEFENDANT IDENTITY EVROPA'S MOTION TO QUASH SERVICE AND DISMISS PLAINTIFF'S COMPLAINT.

When a defendant challenges service of process, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4. "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

Plaintiff's counsel has attempted to serve Defendant by serving its last registered agent, Legal Zoom. In the event that the Court rules that service should be quashed, Plaintiff's counsel requests that the Court allow counsel to effect service properly on the Defendant.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants'

motions to dismiss.

Respectfully Submitted,

/s/ Larry C. Brown
Larry C. Brown, Esq.
Law Offices of Larry Brown, Jr.
1800 Diagonal Rd., Ste. 600
Alexandria, VA 22314
Tel. (703) 956-3577
Fax. (703) 997-1402
Lcbrownjr@aol.com
**LOCAL COUNSEL FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 7, 2020, I filed the foregoing with the Clerk of Court through the CM/ECF system, which will send notices of electronic filing to Defendants.

Respectfully Submitted,

<u>/s/ Larry C. Brown</u>
Larry C. Brown, Esq.
Law Offices of Larry Brown, Jr.
1800 Diagonal Rd., Ste. 600
Alexandria, VA 22314
Tel. (703) 956-3577
Fax. (703) 997-1402
Lcbrownjr@aol.com
**LOCAL COUNSEL FOR PLAINTIFF**

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO QUASH