# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **DEANDRE HARRIS** § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | |
| **JASON KESSLER, RICHARD SPENCER** § | |
| **VANGUARD AMERICA, ANDREW** § | |
| **ANGLIN MOONBASE HOLDINGS, LLC,** § | |
| **ROBERT "AZZMADOR" RAY,** § | |
| **NATHAN DAMIGO, ELLIOT KLINE** § | Civil Action No. 3:19-cv-00046 |
| **AKA ELI MOSLEY, IDENTITY EVROPA,** § | |
| **MATTHEW HEIMBACH, MATTHEW** § | **PLAINTIFF'S RESPONSE TO** |
| **PARROT AKA DAVID MATTHEW** § | **THE COURT'S ORDER TO** |
| **PARROTT, TRADITIONALIST WORKERS** § | **SHOW CAUSE** |
| **PARTY, MICHAEL HILL, MICHAEL** § | |
| **TUBBS, LEAGUE OF THE SOUTH,** § | |
| **JEFF SCHOEP, NATIONAL SOCIALIST** § | |
| **MOVEMENT, NATIONALIST FRONT,** § | |
| **AUGUSTUS SOL INVICTUS,** § | |
| **FRATERNAL** § | |
| **ORDER OF THE ALT-KNIGHTS** § | |
| **MICHAEL "ENOCH" PEINOVICH,** § | |
| **LOYAL WHITE KNIGHTS OF THE** § | |
| **KU KLUX KLAN,** § | |
| **AND EAST COAST KNIGHTS OF THE** § | |
| **KU KLUX KLAN AKA EAST COAST** § | |
| **KNIGHTS OF THE TRUE INVISIBLE** § | |
| **EMPIRE, NATIONAL POLICY INSTITUTE,** § | |
| **THE PROUD BOYS, COUNCIL OF** § | |
| **CONSERVATIVE CITIZENS, AMERICAN** § | |
| **RENAISSANCE, THE RED ELEPHANTS,** § | |
| **AMERICAN FREEDOM KEEPERS,** § | |
| **ALTRIGHT.COM,** § | |
| **DANIEL P. BORDEN,** § | |
| **ALEX MICHAEL RAMOS,** § | |
| **JACOB SCOTT GOODWIN,** § | |
| **TYLER WATKINS DAVIS,** § | |
| **JOHN DOE 1, JOHN DOE 2** § | |
| *Defendants*. § | |

# TABLE OF AUTHORITIES

**CASES**

*Davis v. Williams*, 588 F.2d 69 (4th Cir. 1978) …………………………………….......  4

*Diamond v. Mohawk Indus., Inc.*, No. 6:12-CV-00057, 2014 WL 1404563 (W.D. Va. Apr. 10, 2014) ……………………………………………………………………………………… 4

*McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976) ……………………………………. 3, 4

**FEDERAL RULES**

*Fed. R. Civ. P. 41(b)* ……………………………………………………………………… 3

## PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

TO THE HONORABLE JUDGE OF SAID COURT:

Local counsel for Plaintiff DeAndre Harris hereby files this Response to the Court's Order to Show Cause dated June 30, 2020, and, for the reasons stated herein, respectfully requests that the Court not dismiss this action.

1. Plaintiff brought this action against the Defendants on August 12, 2019, alleging that they violated Plaintiff's rights to be free from assault and battery, as well as engaged in a conspiracy to discriminate and attack Plaintiff on account of his race. Plaintiff's Original Complaint details the level of involvement of each of the named Defendants who participated in this conspiracy to violate Plaintiff's rights.

2. For cause, counsel for Plaintiff would show that responses to dispositive motions would be handled by counsel appearing pro hac vice in the present matter. Local counsel was asked to enter its appearance by Attorney Lee Merritt, who is counsel intending to appear pro hac vice. The application to appear pro hac vice for Mr. Merritt is forthcoming as the certificate of good standing is being requested.

3. Federal Rule of Civil Procedure 41(b) dictates that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

4. Defendants have failed to bring a motion pursuant to 41(b), however, the Court is capable of raising its own motion. "A district court may dismiss an action for lack of prosecution, either

upon motion by a defendant pursuant to Federal Rule of Civil Procedure 41(b) or on its own motion." *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976).

5. Nevertheless, "[a] dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of the sound public policy of deciding cases on their merits." *Diamond v. Mohawk Indus., Inc.*, No. 6:12-CV-00057, 2014 WL 1404563, at *3 (W.D. Va. Apr. 10, 2014) (internal quotation marks omitted) (quoting *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)).

6. In *Davis v. Williams*, the Fourth Circuit articulated four factors which district courts consider when weighing a dismissal with prejudice for failure to prosecute or comply with a court order:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn-out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal. *Id.* at *4 (quoting 588 F.2d at 70); see also, e.g., *United States v. Merrill*, 258 F.R.D. 302, 308 (E.D.N.C. 2009) (reciting the same *Davis* factors).

7. As to the first factor in weighing the degree of personal responsibility on the part of the plaintiff, counsel for Plaintiff would show that the reason for the delay in responding to Defendants' motions was due to difficulty in obtaining counsel's petition to proceed pro hac vice in this matter. While this failure rests with counsel, and not Plaintiff, this delay does not warrant dismissal given the balancing of the other factors to be weighed in addressing this issue.

8. As to the second factor in weighing the amount of prejudice to the Defendant caused by the delay, counsel for Plaintiff would show that this delay has not prejudiced Defendants in any

Page 4
PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

significant manner. Given that Defendants' dispositive motions are among its first filed in this case, and given that this case is still in its preliminary stages, Defendants would not be prejudiced if this case is allowed to proceed without dismissal.

9. As to the third factor in weighing the presence or absence of a drawn-out history of deliberately proceeding in a dilatory fashion, counsel for Plaintiff would show that they have made diligent effort in filing the Original Complaint, serving the many Defendants in the case, and securing counsel to appear and assist with the matter. The failure to timely respond to Defendants' motions was not done deliberately and does not indicate a drawn-out history of deliberately proceeding in a similar manner.

10. As to the fourth factor in weighing the effectiveness of sanctions less drastic than dismissal, counsel for Plaintiff would show that dismissal of this action with prejudice this early in the process of litigation would be unfair given that Plaintiff is willing to continue to pursue this litigation and timely respond to any further motions from Defendants.

11. In light of the foregoing, Plaintiff respectfully requests that the Court not dismiss this action. To the extent that the Court has remaining concerns about Plaintiff's efforts to prosecute this matter, Plaintiff respectfully requests that the Court schedule a Status Conference.

Dated: July 7, 2020

Respectfully Submitted,

/s/ Larry C. Brown
Larry C. Brown, Esq.
Law Offices of Larry Brown, Jr.
1800 Diagonal Rd., Ste. 600

Alexandria, VA 22314  
Tel. (703) 956-3577  
Fax. (703) 997-1402  
[Lcbrownjr@aol.com](mailto:Lcbrownjr@aol.com)  
**LOCAL COUNSEL FOR PLAINTIFF**