# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| DEANDRE HARRIS,<br><br>                        *Plaintiff*,<br><br>      v.<br><br>JASON KESSLER, *et al.*,<br><br>                       *Defendants*. | CASE NO. 3:19-cv-00046<br><br>MEMORANDUM OPINION<br>& ORDER<br><br>JUDGE NORMAN K. MOON |

This case arises out of the "Unite the Right" rallies held in Charlottesville, Virginia on August 11 and 12th, 2017. Plaintiff Deandre Harris filed this suit against dozens of individuals and white supremacist organizations, asserting that they organized a violent assembly of white supremacists in a conspiracy to deprive him, and black and Jewish persons, of their civil rights.

Plaintiff, an African-American Charlottesville resident and then-20-year-old instructional aide at a high school, alleges that several of the defendants assaulted him in a parking garage on August 12, 2017. Dkt. 1 ¶ 3. Plaintiff alleges that certain individual defendants—namely, Daniel Borden, Alex Ramos, Jacob Goodwin, Tyler Davis, and several others whose names are unknown to him—had traveled to Charlottesville to attend the Unite the Right rallies, and that they assaulted Plaintiff by brutally beating him with a wooden plank and a tire iron while he lay on the ground. *Id.* ¶¶ 4–8, 66–77. Plaintiff alleges that they yelled racial slurs at him while they beat him. *Id.* ¶ 75. According to the complaint, Borden, Ramos, Goodwin and Davis later either pleaded guilty to or were found guilty of criminal charges for their role in assaulting Plaintiff and were sentenced to terms of incarceration ranging from 3 years and 10 months (Borden) to 8 years (Goodwin); at the time of the complaint Davis had not yet been sentenced. *Id.* ¶¶ 4–7, 79.

Three other defendants, League of the South, Michael Hill and Michael Tubbs ("Movant-Defendants"), have moved to dismiss Plaintiff's claims against them. Dkt. 66. The entirety of the specific allegations in the complaint about Movant-Defendants are set forth below.

Defendant Michael Hill, "is the co-founder and President of Defendant League of the South, a white nationalist organization." Dkt. 1 ¶ 21. Defendant Michael Tubbs "is the 'Chief of Staff' of Defendant League of the South. Tubbs is captured on video from August 12 ordering League of the South to attack by yelling 'charge!'" *Id.* ¶ 22. Defendant League of the South, "a privately held company located in Alabama, is a white supremacist group that advocates Southern secession." *Id.* ¶ 23. The complaint also alleges that Defendant Jeff Schoep, the leader of Defendant Nationalist Socialist Movement, "participated actively in the events of August 11 and 12 and tweeted afterwards that, 'It was an Honor to stand with U all in C'Ville this weekend. NSM, NF, TWP, LOS, VA, ECK, CHS, and the rest, true warriors!" *Id.* ¶ 24. Plaintiff argues, and there does not appear to be any dispute that, in context, the acronym "LOS" referred to Defendant League of the South. Dkt. 82 at 11; Dkt. 86 at 1–2.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint to determine whether a plaintiff has properly stated a claim. The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). A motion to dismiss "does not, however, resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* at 214.

While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and

2

a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) (internal quotations omitted). This is not to say Rule 12(b)(6) requires "heightened fact pleading of specifics," instead the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Still, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Movant-Defendants contend that Plaintiff has not pleaded "any averments of fact that Hill, Tubbs, or League of the South personally conspired to act or actually acted in a concerted manner with these third party tortfeasors," nor any "specific factual allegations that Hill, Tubbs, or League of the South conspired to engage in illegal conduct." Dkt. 66 at 4. Movant-Defendants also state that Plaintiff failed to allege "sufficient facts to support a legal finding that [they] are legally liable for the conduct of third-parties who allegedly acted illegally." *Id.* Indeed, they argue, "the complaint fails to allege any specific facts relating to Hill, Tubbs, and League of the South." *Id.*

The Court concludes that this complaint has failed to include enough factual allegations against Movant-Defendants, taken as true, to state a claim to relief that is plausible on its face. The Court has considered claims against many of the same defendants arising out of the Unite the Right rallies and evaluated the pleading standard to state a claim under 42 U.S.C. § 1985(3). *Sines v. Kessler*, 324 F. Supp. 3d 765 (W.D. Va. 2018). A plaintiff must plausibly allege the following elements to state a § 1985(3) claim:

> (1) A conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in

3

> injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (citation omitted); *see also Sines*, 324 F. Supp. 3d at 779–80. Further, applying that standard in the context of claims arising out of the Unite the Right rally, this Court explained that "Plaintiffs must allege each Defendant entered into an agreement with a specific co-conspirator to engage in racially motivated violence at the August 11th and 12th events. The plausibility of these factual allegations increase[s] as Plaintiffs add specificity about the method of agreement, the time or place of agreement, and the scope of the agreement." *Sines*, 324 F. Supp. 3d at 784.

The paucity of allegations in this complaint, especially concerning Movant-Defendants, stands in sharp contrast to the extensive allegations in the *Sines v. Kessler* complaint. Almost half of the 25-page complaint in this case is comprised of one-paragraph summary descriptions concerning each of the 35 defendants. *See* Dkt. 1 at 2–10. Specifically concerning Movant-Defendants, the complaint only alleges that League of the South is a white supremacist group that advocates Southern secession; that Hill is its co-founder and President and Tubbs is its "Chief of Staff"; that "Tubbs is captured on video from August 12 ordering League of the South to attack by yelling 'charge!'"; and that a co-defendant tweeted after the rallies that "It was an Honor to stand with U all in C'Ville this weekend. NSM, NF, TWP, LOS, VA, ECK, CHS, and the rest, true warriors!" Dkt. 1 ¶¶ 21–24; *see* also Dkt. 82 at 11 (similarly describing allegations about Movant-Defendants). Notably absent are any factual allegations that any of the Movant-Defendants "entered into an agreement with a specific co-conspirator to engage in racially motivated violence at the August 11th and 12th events." *Sines*, 324 F. Supp. 3d at 784. Indeed, this complaint lacks any allegations, much less any specific factual allegations, concerning "the method of agreement,

the time or place of the agreement, and the scope of the agreement," between Movant-Defendants and any other defendant. *Id.*

The allegation of the statement by co-defendant Jeff Schoep, standing alone and without further factual enhancement in the complaint, does not provide the necessary linkage to establish the conspiracy element of a § 1985(3) claim. Certain other more generalized allegations about "co-conspirators" using chat rooms also do not suffice to link Movant-Defendants to the alleged conspiracy. *See, e.g.*, Dkt. 1 ¶ 12 ("The Daily Stormer established 'meet ups' and chat rooms that co-conspirators and attendees used throughout the August 11 and 12 weekend to coordinate their violence."); *see also A Soc'y Without A Name*, 655 F.3d at 347 (holding that § 1985(3) allegations were insufficient when the plaintiff "fail[ed] to allege with any specificity the persons who agreed to the alleged conspiracy, the specific communications amongst the conspirators, or the manner in which any such communications were made"); *Sines*, 324 F. Supp. 3d at 784 (the Court "does not credit such conclusory labeling" of defendants as "co-conspirators"). The scant allegations in the complaint concerning Movant-Defendants stand in stark contrast to those that have been found sufficient. *See, e.g.*, Sines, 324 F. Supp. 3d at 776–79, 792–93. Moreover, the complaint offers few if any factual allegations to show whether and how the actions of Defendants Borden, Ramos, Goodwin and Davis entered into an agreement with any other alleged co-conspirator to assault Plaintiff or engage in racially-motivated violence. And the allegation that Tubbs was captured on video "ordering League of the South to attack by yelling 'charge!'" (Dkt. 1 ¶ 22), is bereft of any factual context as to where it occurred, and what if any effect or injury were caused as a result.

The Court therefore concludes that the complaint fails to state a claim against Movant-Defendants for violation of § 1985(3). The Court need not separately consider at this time Plaintiff's other causes of action, including that under 42 U.S.C. § 1986, which is claim that "is

5

dependent upon the existence of a claim under § 1985." *Terice v. Summons*, 755 F.2d 1081, 1085 (4th Cir. 1985); *id.* ("Having affirmed the dismissal of plaintiff's § 1985 claim, we also affirm the dismissal of his § 1986 claim."). On this complaint, Plaintiff's state law causes of action fare no better and are similarly untethered from the actual allegations in his complaint.[*]

The Court will afford Plaintiff the opportunity to amend his complaint to attempt to remedy these pleading deficiencies noted, among any others he may identify as concern these or other defendants. *See* Fed. R. Civ. P. 15(a)(2) ("the court should freely give leave [to amend a pleading] when justice so requires."). For these reasons, the Court will **GRANT** Movant-Defendants' motion to dismiss, Dkt. 66, and such dismissal shall be *without prejudice*. Plaintiff shall have **leave to amend** his complaint within **twenty-one (21) days**.

It is so **ORDERED**.

The Clerk of Court is directed to send this Memorandum Opinion and Order to the parties.

Entered this  30th   day of November, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[*] Plaintiff has also argued that he has stated a plausible claim for violation of Virginia Code § 8.01-42.1 because Defendants were "participants and organizers" of the Unite the Right Rallies and that Plaintiff has "sufficiently pled that Defendants were directly involved in planning the rally and its hate-filled environment by managing the leading white supremacist organizations that participated." Dkt. 82 at 14. Yet with respect to the Movant-Defendants, this complaint simply does not allege that they were "directly involved in planning" or were "organizers" of the Unite the Right rallies, much less include factual allegations to establish those assertions. And with respect to Plaintiff's claim for aiding and abetting assault, battery and intentional infliction of emotional distress under Virginia law, Plaintiff's argument is also largely untethered from the allegations of his complaint as concerns Movant-Defendants. *See* Dkt. 82 at 14–15. Plaintiff offers no argument and cites no allegations specifically concerning Movant-Defendants as to how they "intentionally facilitated and/or recklessly disregarded the planning, preparation and/or execution of the attack upon Plaintiff." *Id.* at 15. Nor are there any allegations that Movant-Defendants encouraged white supremacists to march in the rally or that they failed to denounce violence.

6