CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JAN 07 2021

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| DEANDRE HARRIS, | ) |
|                 *Plaintiff*, | ) |
| v. | ) Civil Action No: 3:19-cv-00046 |
| JASON KESSLER, RICHARD SPENCER, *et. al.*, | ) |
|                 *Defendants*. | ) |

**BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANT JEFF SCHOEP**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................................ 2

STATEMENT OF ISSUE PRESENTED ........................................................................... 3

STANDARD OF REVIEW .................................................................................................. 3

ARGUMENT .......................................................................................................................... 4

CONCLUSION ....................................................................................................................... 5

CERTIFICATE OF SERVICE ............................................................................................. 6

## INDEX OF AUTHORITIES

### CASE LAW

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................. 4

*Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (2009) ................ 4

*Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) ............................................. 3

*Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988) ................ 4

*Russo v. White*, 400 SE 2d 160, 163 (1991) .................................................................... 5

### COURT RULES

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 3

## STATEMENT OF ISSUE PRESENTED

1. Whether Plaintiffs' claims against Jeff Schoep should be dismissed pursuant to Fed. R. Civ. 12(b)(6).

   Plaintiffs' Response: No.

   Defendants' Response:   Yes.

## STANDARD OF REVIEW

A motion invoking Fed. R. Civ. P. 12(b)(6) is made if the plaintiff fails "to state a claim upon which relief can be granted[.]"

Said the Fourth Circuit in *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012), about the standard for reviewing a motion to dismiss made per Fed. R. Civ. P. 12(b)(6):

> The Supreme Court's decision in *Twombly* incorporated "[t]wo working principles." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. First, although a court must accept as true all factual allegations contained in a complaint, such deference is not accorded to legal conclusions stated therein. Id. The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6). Id.
>
> Second, to survive such a motion, a complaint must state a "plausible claim for relief." Id. The determination whether a complaint adequately states a plausible claim is a "context-specific task," id. at 679, 129 S.Ct. 1937, in which the factual allegations of the complaint must be examined to assess whether they are sufficient "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.
>
> To satisfy this standard, a plaintiff need not "forecast" evidence sufficient to prove the elements of the claim. Robertson, 679 F.3d at 291. However, the complaint must allege sufficient facts to establish those elements. Id. Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is "probable," the complaint must advance the plaintiff's claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955.

A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (2009). Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted)

## ARGUMENT

Although Plaintiff alleges that third-parties at the Unite the Right rally conspired to act and actually acted in a violent, intimidating, and threatening manner, Plaintiff has not pled any averments of fact that JEFF SCHOEP personally conspired to act or actually acted in a concerted manner with these third party tortfeasors. Plaintiff's complaint does not contain sufficient factual assertions, accepted as true, to state any claim to relief that is plausible on its face against JEFF SCHOEP.

Plaintiff fails to allege sufficient facts to support a legal finding that JEFF SCHOEP is legally liable for the conduct of third-parties who allegedly acted illegally. Allegations against "Defendants" throughout the complaint either appear to not include JEFF SCHOEP or are so vague and non-specific as not link JEFF SCHOEP to any wrongful conduct whatsoever.

The plaintiff's complaint has not brought negligence causes of action. Virginia law therefore requires them to "allege all facts necessary to establish the cause of action" that Plaintiff wishes to proceed under. *Russo v. White, 400 SE 2d 160, 163 (1991)* Plaintiff's complaint has manifestly failed to do so as to defendant JEFF SCHOEP.

Plaintiff's Complaint lacks any specific factual allegations that JEFF SCHOEP conspired to engage in illegal conduct. Although third-parties are alleged to have conspired to act violently before the rally, such allegations are not imputed to JEFF SCHOEP to establish that JEFF SCHOEP conspired to act in an illegal manner. Plaintiff cannot survive a Rule 12(b)(6) motion by relying on factually unsupported legal conclusions.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss should be granted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff fails to allege sufficient facts to support any of their claims against JEFF SCHOEP.

Respectfully submitted,

/s/ [signature]

Jeff Schoep
PO Box 66335
Roseville, MI 48066
313-671-2583
jeffschoep@protonmail.com
*Pro Se*

Dated: January 4, 2021

5

## CERTIFICATE OF SERVICE

I, Jeff Schoep, affirm that on January 4, 2021, I served a true and accurate copy of this document upon all attorneys of record via electronic mail and/or US Postal Service.

/s/ *[signature]*

Jeff Schoep
PO BOX 66335
Roseville, MI 48066
313-671-2583
jeffschoep@protonmail.com
*Pro Se*

**LARRY BROWN (VSB 33414)**
Attorney at Law
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Lcbrownjr@aol.com
PHONE: (703)956-3577
FAX: (703)997-1402
*Lead Attorney for Plaintiff*
*Attorney To Be Noticed*

**Stacy Lee Merritt**
1910 Pacific Ave, Suite 8000
Dallas, TX 75201
(245)876-7016
*Lead Attorney for Plaintiff*
*Pro Hac Vice*
*Attorney To Be Noticed*

**Elmer Woodward**
5661 US Hwy 29
Blairs, BA 24527
isuecrooks@comcast.net
*Attorney for Traditionalist Workers Party, Matthew Parrot, & Identity Evropa*