UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| DEANDRE HARRIS,<br><br>                    *Plaintiff*,<br><br>v.<br><br>JASON KESSLER, *et al.*,<br><br>                    *Defendants*. | Case No. 3:19-cv-00046<br><br>MEMORANDUM OPINION<br>& ORDER<br><br>Judge Norman K. Moon |

      Defendant Identity Evropa, Inc. has entered a special appearance and filed a motion to quash service and dismiss the complaint against it on grounds of improper service. Dkt. 76 ("Motion to Dismiss"). Plaintiff has filed proof of service, stating that on February 18, 2020, Identity Evropa was served with the summons and copy of the complaint, and service was made upon Identity Evropa care of "LegalZoom.com, Inc. Registered Agent," at an address in California. Dkt. 54 (affidavit of service).

      In its Motion to Dismiss, Identity Evropa asserts that LegalZoom had resigned as its agent for service on December 7, 2017, and that Identity Evropa was dissolved as a California corporation on September 13, 2018. Dkt. 76 at 3. It attaches documentation from the California Secretary of State website substantiating those facts. Dkt. 76-1 at 3. Identity Evropa therefore argues that it could not be served in the manner Plaintiff attempted. Id. In response, Plaintiff does not argue that service was proper on LegalZoom.com, Inc. ("LegalZoom") as Identity Evropa's registered agent. Rather, Plaintiff only argues that if "the Court rules that service should be quashed, Plaintiff's counsel requests that the Court allow counsel to effect service properly on the Defendant." Dkt. 82 at 15.

1

The Motion to Dismiss for insufficient service of process is a motion seeking relief pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. A federal court cannot exercise personal jurisdiction over a defendant without proper service of process. Omni Capital Int'l, Ltd. v. Wolff & Co., 484 U.S. 97, 104 (1987); Hawkins v. i-TV Digitalis Tavkozlesi zrt., 935 F.3d 211, 228–29 (4th Cir. 2019).

The methods of serving a corporation are set forth in Rule 4(h) of the Federal Rules of Civil Procedure. Rule 4(h)(1) provides that service on a corporation in the United States may be accomplished "in the manner prescribed by Rule 4(e)(1) for serving an individual," or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process …." Fed. R. Civ. P. 4(h)(1). Under Rule 4(e)(1), service may be effected pursuant to "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1) (emphasis added). Plaintiff could have served Identity Evropa under any of these methods: Fed. R. Civ. P. 4(h)(1), the service rules of Virginia as the state in which the court sits, or the service rules of California, the state where service was made.

Plaintiff has not properly served Identity Evropa under any of these possible methods of service. Identity Evropa relies heavily on the fact that it was dissolved in 2018 before Plaintiff attempted to serve it with process, but that is not the main impediment to service. While Identity Evropa is a now-dissolved California corporation, California law does not "permit a dissolved corporation to make its final exit so long as obligations resulting from its predissolution activities remain undischarged." Penasquitos, Inc. v. Superior Court, 812 P.2d 154, 162 (Cal. 1991). Indeed "there is no legal barrier to suit against a dissolved corporation itself for injury or damage

that is caused by the corporations predissolution activities" even if it is "discovered after the dissolution." Id. California Corporations Code § 2011(b) specifically describes the methods of service upon dissolved corporations:

> Summons or other process against such a [dissolved] corporation may be served by delivering a copy thereof to an <u>officer, director or person having charge of its assets or, if no such person can be found, to any agent upon whom process might be served at the time of dissolution</u>. If none of such persons can be found with due diligence and it is so shown by affidavit to the satisfaction of the court, then the court may make an order that summons or other process be served upon the dissolved corporation by personally delivering a copy thereof, together with a copy of the order, to the Secretary of State or an assistant to the deputy secretary of state. Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.

Cal. Corp. Code § 2011(b) (emphasis added); Penasquitos, 812 P.2d at 157 n.4.

Plaintiff did not try to serve any "officer, director or person having charge" of the assets of Identity Evropa. Rather, Plaintiff tried to serve LegalZoom, which had been Identity Evropa's registered agent. If no "officer, director, or person having charge" of its assets could be found, and, critically, LegalZoom had continued to serve as Identity Evropa's registered agent when the corporation dissolved on September 13, 2018, service on LegalZoom would have been proper under California law. See Cal. Corp. Code § 2011(b) (providing for service upon "any agent upon whom process might be served at the time of dissolution"); Pulte Homes Corp. v. Williams Mech., Inc., 2 Cal. App. 5th 267, 273–74, 206 Cal. Rptr. 3d 244, 249–50 (2016) (holding that service on attorney who was agent for dissolved corporation at time of dissolution constituted "actual notice" on the corporation, "because the corporation has expressly held that person out to the world as authorized to receive notice of actions").

However, LegalZoom was not Identity Evropa's registered agent when it dissolved on September 13, 2018. LegalZoom had resigned as its agent for service of process more than nine months earlier—on December 7, 2017. Dkt. 76-1 at 5. The California Secretary of State business

search record for Identity Evropa similarly reflects "agent resigned" on December 7, 2017. Dkt. 76-1 at 3. And, although the search record for Identity Evropa retains "LegalZoom.com, Inc." next to "Agent for Service of Process," there is also a disclaimer for how to find "the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information." Id. Because LegalZoom had long since stopped being Identity Evropa's registered agent before the entity dissolved, serviced upon Identity Evropa through LegalZoom did not comport with California Corporation Code § 2011(b) and was therefore ineffective.[*]

Plaintiff shall have the opportunity to attempt to serve Identity Evropa under California Corporation Code § 2011(b) by serving an officer, director or person having charge of its assets of Identity Evropa. Plaintiff shall have **fourteen (14) days** to attempt to accomplish such service on Identity Evropa. If Plaintiff is unable to do so notwithstanding reasonable diligence to effect service but still wishes to serve Identity Evropa, by the end of those fourteen days, Plaintiff may file an affidavit and other submissions to support a request from this Court to permit alternative service upon the California Secretary of State.

For these reasons, Identity Evropa's Motion to Dismiss for improper service is **GRANTED**, *without prejudice* to Plaintiff's ability to attempt to correct service pursuant to California Corporation Code § 2011(b), within **fourteen (14) days**.

It is so **ORDERED**.

---

[*] Neither Fed. R. Civ. P. 4(h)(1) nor Virginia's service provisions would have permitted service upon LegalZoom under these circumstances.

The Clerk of Court is directed to send a copy of this Memorandum Opinion and Order to the parties.

Entered this <u>31st</u> day of March, 2021.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE