# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| DEANDRE HARRIS,<br><br>*Plaintiff*,<br><br>v.<br><br>JASON KESSLER, *et al.*,<br><br>*Defendants.* | CASE No. 3:19-cv-00046<br><br>MEMORANDUM OPINION<br>& ORDER<br><br>JUDGE NORMAN K. MOON |

Pending before the Court are several motions, including Plaintiff Deandre Harris's motion for leave to amend his complaint, Dkt. 104, as well as Defendants Traditionalist Workers Party and Matt Parrott's motion to dismiss the complaint, Dkt. 101, and Defendant Jeff Schoep's *pro se* motion to dismiss the complaint, Dkt. 99.

### Plaintiff's Motion to Amend (Dkt. 104)

The Court will first address Plaintiff's motion for leave to amend. Dkt. 104. In support of his motion, Plaintiff argues that leave to amend shall be "freely given when the interest of justice so require," citing Fed. R. Civ. P. 15(a). Dkt. 104 at 2. Plaintiff notes that he "has obtained additional counsel to assist in litigating the present matter and drafting an amended complaint to include more factual detail regarding each defendant's participation and role in the injuries suffered by Plaintiff." *Id.* at 3. However, this argument rings hollow.

"[A]fter the deadlines provided by a scheduling order has passed, the good cause standard must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). This Court entered a Pretrial Order pursuant to Fed. R. Civ. P. 16(b) in March 2020. Dkt. 74. The Pretrial Order also provided, "[e]xcept for good cause shown, any such motion [to amend the pleadings] must be filed no later than 45 days from the date of

1

this order." Dkt. 74 ¶ 24. Plaintiff filed his motion for leave to amend far beyond that 45-day period. Dkt. 104. Plaintiff argues that leave to amend is warranted because he "has obtained additional counsel to assist in litigating the present matter and drafting an amended complaint to include more factual detail" about each defendant's participation. This argument is unpersuasive. No counsel has entered additional appearances on Plaintiff's behalf along with or in the time since Plaintiff filed the motion. Nor did Plaintiff file a proposed amended complaint along with its motion or subsequently, as could further substantiate good cause to allow Plaintiff to amend so far after the case was originally filed. At bottom, Plaintiff has not supported his request for amendment with tangible action or explanation for the need for such request, without which, the Court cannot conclude that good cause has been established. *See Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (per curiam, unpublished opinion).

Plaintiff also asserts that "Defendants will not suffer substantial prejudice" by permitting an amendment at this time. But indeed, Plaintiff's claims against several defendants have already been dismissed *with prejudice* because the allegations in Plaintiff's complaint failed to state a claim for relief as against them, Dkts. 94, 95, 97, or have been dismissed because Plaintiff failed to effect proper service, Dkt. 110. If anything, allowing an amended complaint at this stage of the litigation against would cause prejudice to Defendants, even if there has only been limited discovery to date, as Plaintiff argues, Dkt. 104 at 3. For these reasons, the Court concludes that Plaintiff has not established good cause for granting his motion to amend, which will be denied.

<u>Defendants Motions to Dismiss</u> (Dkt. 99, 101)

Defendants Traditionalist Workers Party and Matt Parrott have filed one motion to dismiss Plaintiff's claims against them, pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 101. Defendant Jeff Schoep, proceeding *pro se*, has filed another motion to dismiss. Dkt. 99.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether a plaintiff has properly stated a claim. The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). A motion to dismiss "does not, however, resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* at 214.

While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Simmons v. United Mortg. & Loan Inv.*, LLC, 634 F.3d 754, 768 (4th Cir. 2011) (internal quotations omitted). And the court cannot "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. This is not to say Rule 12(b)(6) requires "heightened fact pleading of specifics"; instead, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Still, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679.

The Court has considered claims against many of the same defendants arising out of the Unite the Right rallies and evaluated the pleading standard to state a claim under 42 U.S.C.

§ 1985(3). *Sines v. Kessler*, 324 F. Supp. 3d 765 (W.D. Va. 2018). A plaintiff must plausibly

allege the following elements to state a § 1985(3) claim:

> (1) A conspiracy of two or more persons, (2) who are motivated by a specific
> class-based, invidiously discriminatory animus to (3) deprive the plaintiff of
> the equal enjoyment of rights secured by the law to all, (4) and which results
> in injury to the plaintiff as (5) a consequence of an overt act committed by the
> defendants in connection with the conspiracy.

*A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (citation omitted); *see

also Sines*, 324 F. Supp. 3d at 779–80. Further, applying that standard in the context of claims

arising out of the Unite the Right rally, this Court explained that "Plaintiffs must allege each

Defendant entered into an agreement with a specific co-conspirator to engage in racially

motivated violence at the August 11th and 12th events. The plausibility of these factual

allegations increase[s] as Plaintiffs add specificity about the method of agreement, the time or

place of agreement, and the scope of the agreement." *Sines*, 324 F. Supp. 3d at 784.

Plaintiff's claims against Defendants Traditionalist Workers Party, Matt Parrott, and Jeff

Schoep all fail. There are certain allegations identifying each of these parties in the complaint.

*See* Dkt. 1 ¶¶ 18 ("Defendant Matthew Heimbach, a resident of Indiana, is the chairman of

Defendant Traditionalist Worker Party."); ¶ 19 ("Defendant Matthew Parrot, a resident of

Indiana, is the co-founder of the Traditionalist Youth Network along with his stepson-in-law,

defendant Heimbach."); ¶ 20 ("Defendant Traditionalist Worker Party … is an unincorporated

association pursuant to Virginia Code Sect. 8.01-15, and a national political party committee

registered with the Federal Election Commission since 2015."). And there is one allegation that

"Defendant Jeff Schoep, a resident of Michigan, is the leader of Defendant NSM, the largest

neo-Nazi coalition in the United States. Schoep participated actively in the events of August 11

and 12 and tweeted afterwards that, 'It was an Honor to stand with U all in C'Ville this weekend. NSM, NF, TWP, LOS, VA, ECK, CHS, and the rest, true warriors!" *Id.* ¶ 24.

Those are the only allegations in the complaint specifically relating to Traditionalist Worker Party, Parrott, or Schoep. There are no other allegations about any of those Defendants in the complaint. As this Court held in its earlier opinion dismissing the claims against League of the South defendants, so too here does the Court conclude that this complaint has failed to include enough factual allegations against these Movant-Defendants, taken as true, to state a claim to relief that is plausible on its face. *See* Dkt. 94 at 3. Indeed, as this Court wrote there with respect to those defendants, "[n]otably absent are any factual allegations that any of the Movant-Defendants 'entered into an agreement with a specific co-conspirator to engage in racially motivated violence at the August 11th and 12th events." *Id.* at 4 (quoting *Sines*, 324 F. Supp. 3d at 784). "[T]his complaint lacks any allegations, much less any specific factual allegations, concerning 'the method of agreement, the time or place of the agreement, and the scope of the agreement,' between Movant-Defendants and any other defendant." *Id.* at 4–5. The Court previously held that the statement of Jeff Schoep, "standing alone and without further factual enhancement in the complaint, does not provide the necessary linkage to establish the conspiracy element of a § 1985(3) claim." *Id.* at 5. Furthermore, the allegation that Schoep "participated actively in the events of August 11 and 12" is vague and conclusory, Dkt. 1 ¶ 24, and lacking in any factual enhancement. The Court therefore concludes that the complaint fails to state a claim against Traditionalist Worker Party, Matt Parrott and Jeff Schoep, for violation of § 1985(3). As in this Court's prior opinion addressing League of the South Defendants, the Court need not separately consider Plaintiff's 42 U.S.C. § 1986 claim—which is dependent on

the existence of a § 1985(3) claim—or Plaintiff's state-law claims, which fare no better. *See* Dkt. 94 at 5–6.

For these reasons, the Court will **DENY** Plaintiff's motion for leave to amend. Dkt. 104. In addition, the Court will **GRANT** the motions to dismiss by Defendants Jeff Schoep, Dkt. 99, and **GRANT** the motion to dismiss by Defendants Matthew Parrott and Traditionalist Workers Party, Dkt. 101.

It is so **ORDERED**.

The Clerk of Court is directed to send a copy of this Memorandum Opinion and Order to the parties.

Entered this ___30th___ day of September, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE